2016 IL App (1st) 152936

SIXTH DIVISION
Opinion filed:  June 10, 2016

No. 1-15-2936

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE CITIZENS UTILITY BOARD and ENVIRONMENTAL DEFENSE FUND, | ) ) ) | Direct Administrative Review of the Illinois Commerce Commission |
| Petitioners-Appellants, | ) ) | |
| v. | ) ) | No. 15-0156 |
| ILLINOIS COMMERCE COMMISSION, | ) ) ) | |
| Respondent-Appellee, | ) ) | |
| (Commonwealth Edison Company, Intervenor-Appellee; the People of the State of Illinois *ex rel*. Lisa Madigan and the City of Chicago, Respondents; Environmental Law and Policy Center and Illinois Competitive Energy Association, Intervenors). | ) ) ) ) ) ) | |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1     The Citizens Utility Board (CUB) and Environmental Defense Fund (EDF) (collectively

referred to as CUB/EDF) filed a joint petition with the Illinois Commerce Commission

(Commission), requesting that the Commission initiate a proceeding to approve a community-

owned solar pilot program utilizing virtual net metering in the service territory of the

Commonwealth Edison Company (Edison) and order a modification to Edison's tariff to extend net metering to customers who collaboratively participate in the operation of eligible renewable electrical generating facilities that are not located on their own premises. Edison filed a motion to dismiss the petition. The Commission granted the motion and denied CUB/EDF's subsequent application for rehearing. CUB/EDF filed a timely petition for direct review of the Commission's orders with this court. For the reasons that follow, we affirm the orders of the Commission.

¶ 2 CUB is an organization created by statute (220 ILCS 10/4 (West 2014)) and charged with the duty of representing and protecting the interests of the residential utility customers of Illinois (220 ILCS 10/5(a) (West 2014)). EDF is a non-profit organization whose mission is to provide solutions to environmental problems.

¶ 3 Pursuant to a rider to its tariff known as "Parallel Operation of Retail Customer Generating Facilities with Net Metering" (Rider POGNM), Edison offers "net electrical metering" to "eligible customers" who generate their own electricity from a renewable source such as solar panels located on the customer's own premises. Eligible customers who participate in net electrical metering may offset some or all of their utility charges by exporting the electricity which they generate to the electric grid and netting their usage and generation.

¶ 4 On February 15, 2015, CUB and EDF filed a joint petition, requesting that the Commission approve a community-owned solar pilot program utilizing virtual net metering and modify Rider POGNM to Edison's tariff to extend the net metering option to groups of customers who collaboratively participate in the operation of eligible renewable electrical generating facilities that are not located on their own premises and to allow those customers to share in the attendant billing credits from those facilities. The tariff modification proposed by CUB/EDF is

known as "Rider Parallel Operation of Community Generating Facilities with Virtual Net Metering" (Rider POGVNM).

¶ 5    Edison filed a motion to dismiss CUB/EDF's petition, arguing, *inter alia*: that the Commission is prohibited under section 16-103(e) of the Public Utilities Act (Act) (220 ILCS 5/16-103(e) (West 2014)) from requiring it to expand net metering presently available under Rider POGNM to allow customers who do not meet the statutory definition of an "eligible customer" to participate in net metering; that after considering whether to allow net metering on properties owned or leased by multiple customers that contribute to the operation of an eligible renewable electrical generating facility but who do not meet the statutory definition of eligible customers, it elected not to allow net metering under those circumstances; and that only a utility can initiate a rate change.

¶ 6    On July 28, 2015, the Commission issued a decision granting Edison's motion to dismiss. The Commission found that it lacked the authority to order the implementation of a community-owned solar pilot program utilizing virtual net metering or to require Edison to offer net metering pursuant to CUB/EDF's proposed Rider POGVNM.   In support of its finding, the Commission concluded that the service outlined in proposed Rider POGVNM is "sufficiently beyond that service provided under *** [Edison's] Rider POGNM to constitute a new service[,]" and as a consequence, section 16-103(e) of the Act prohibits it from requiring Edison to implement the service described in CUB/EDF's proposed tariff rider.   The Commission also found that, although section 16-107.5(*l*) of the Act (220 ILCS 5/16-107.5(*l*) (West 2014)) directs an electrical provider such as Edison to "consider" allowing meter aggregation for purposes of net metering on properties owned or leased by multiple customers that contribute to the operation of an eligible renewable electrical facility such as a community-owned solar project, the decision

of whether to offer net metering under those circumstances is "in the hands of the electricity provider."

¶ 7    On August 26, 2015, CUB and EDF filed a joint application with the Commission seeking a rehearing on Edison's motion to dismiss and an order reversing its decision of July 28, 2015. The Commission denied the application for rehearing on September 11, 2015. Thereafter, CUB and EDF filed their timely joint petition for direct review of the Commission's decision with this court. See 220 ILCS 5/10-201(a) (West 2014).

¶ 8    The Commission is an administrative agency responsible for setting utility rates, whose powers and duties are set forth in the Act. Consequently, we give substantial deference to the Commission's decisions in light of its expertise in the area of utility rate making. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 398 Ill. App. 3d 510, 514 (2009). On review of a decision of the Commission, the Act requires that we consider its findings of fact to be *prima facie* true and its orders and decisions to be *prima facie* reasonable. 220 ILCS 5/10-201(d) (West 2014); *United Cities Gas Co. v. Illinois Commerce Comm'n*, 163 Ill. 2d 1, 11 (1994). We will not reverse an order or decision of the Commission unless it acted outside of its jurisdiction, its decision is not supported by substantial evidence, or the proceeding or manner by which the Commission considered and arrived at its decision or order were in violation of the State or Federal Constitutions or relevant laws, to the prejudice of the appellant. 220 ILCS 5/10-201(e)(iv)(A)-(D) (West 2014); *United Cities Gas*, 163 Ill. 2d at 12.

¶ 9    We first address the question of whether the Commission erred in concluding that it was statutorily prohibited from ordering the implementation of the community-owned solar pilot program utilizing virtual net metering as requested by CUB/EDF or from requiring Edison to offer net metering pursuant to proposed Rider POGVNM. CUB/EDF contends that net

electricity metering as contemplated by its proposed Rider POGVNM is not a new service. It asserts that Edison already offers net metering under Rider POGNM and that the services outlined in its proposed Rider POGVNM are identical with the exception that the proposed tariff rider expands the eligible customers to include those individuals and entities that contribute to the operation of an eligible renewable electrical generating facility located on premises other than their own. CUB/EDF appears to reason that, since Edison already offers net metering under Rider POGNM, section 16-103(e) of the Act is not an impediment to the Commission's authority to order net metering pursuant to its proposed Rider POGVNM.

¶ 10   Section 16-103(e) provides, in relevant part, that "[t]he Commission shall not require an electric utility to offer any tariffed service other than the services required by this Section." 220 ILCS 5/16-103(e) (West 2014). The tariffed services which an electric utility is required to offer pursuant to the provisions of section 16-103 include: "tariffed service[s] that it offered as a distinct and identifiable service on the effective date of [the] amendatory Act of 1997 [(Electric Service Customer Choice and Rate Relief Law of 1997)]" (220 ILCS 5/16-103(a) (West 2014)); "delivery services in accordance with this Article [XVI], the power purchase options described in Section 16-110 and real-time pricing as provided in Section 16-107" (220 ILCS 5/16-103(b) (West 2014)); and "bundled electric power and energy delivered to the customer's premises consistent with the bundled utility service provided by the electric utility on the effective date of [the] amendatory Act of 1977 [(Electric Service Customer Choice and Rate Relief Law of 1997)]" (220 ILCS 5/16-103(c) (West 2014)). The only tariffed services required by section 16-103 which are relevant to our inquiry in this case are those services that Edison offered as a distinct and identifiable service on the effective date of the Electric Service Customer Choice and

Rate Relief Law of 1997 and delivery services which Edison offered in accordance with Article XVI of the Act.

¶ 11    When interpreting a statute, our primary function is to ascertain and give effect to the intent of the legislature, primarily from the language used. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 146 Ill. 2d 175, 207 (1991). The terms used must be considered in context with a view to the reason and necessity for the statute and the purpose to be achieved. *MCI Telecommunications Corp. v. Illinois Commerce Comm'n*, 168 Ill. App. 3d 1008, 1012 (1988).

¶ 12    By definition, "delivery services" include standard metering and billing services. 220 ILCS 5/16-102 (West 2014). Section 16-107.5(i), which is contained within Article XVI of the Act, mandates that "[a]ll electricity providers shall begin to offer net metering no later than April 1, 2008." 220 ILCS 5/16-107.5(i) (West 2014). The parties concede that Edison offered net metering at all times relevant to this case. However, Edison only offered net metering to "eligible customer[s]" who are defined by statute as "a retail customer that owns or operates a solar, wind, or other eligible renewable electrical generating facility *** that is located on the customer's premises and is intended primarily to offset the customer's own electrical requirements." 220 ILCS 5/16-107.5(b) (West 2014). Edison did not, and was not required to, offer, either pursuant to section 16-107.5 or any other section contained within Article XVI of the Act, net metering to customers that contribute to the operation of an eligible renewable electrical generating facility, such as a community-owned solar project, that was not located on the customer's premises. We conclude, therefore, that, although the net metering offered by Edison pursuant to Rider POGNM is statutorily mandated by the provisions of Article XVI of the Act, and specifically section 16-107.5 thereof, the net metering contemplated by CUB/EDF's

proposed Rider POGVNM is not. We are left then with the question of whether net metering service described in proposed Rider POGVNM is a tariffed service offered by Edison as a "distinct and identifiable service" on the effective date of the Electric Service Customer Choice and Rate Relief Law of 1997.

¶ 13   CUB/EDF contends that the net metering services offered by Edison as mandated by the Act and outlined in Rider POGNM are not distinct from net metering to an expanded group of customers as outlined in its proposed Rider POGVNM. CUB/EDF appears to take the position that net metering is net metering, regardless of the customers to whom the service is offered. It concludes, therefore, that section 16-103(e) does not prohibit the Commission from requiring Edison to offer net metering to customers who operate an eligible renewable electrical generating facility on premises other than their own.

¶ 14   In contrast, the Commission found that, regardless of its merits, the expanded net metering service set forth in CUB/EDF's proposed Rider POGVNM "is sufficiently beyond that provided under *** Edison's Rider POGNM to constitute a new service." Unfortunately, the Commission did not articulate its finding using the statutory phrase "distinct and identifiable service" to support its conclusion that section 16-103(e) prevents it from requiring Edison to implement the net metering service described in proposed Rider POGVNM. Nevertheless, we believe that implicit in Commission's finding that the net metering described in CUB/EDF's proposed Rider POGVNM is a "new service" is the finding that the net metering service offered by Edison under Rider POGNM is a distinct and identifiable service that does not include the net metering contemplated by proposed Rider POGVNM.

¶ 15   CUB/EDF argue that the net metering service which they sought to have the Commission compel is not a "new service" because Edison presently offers net metering to customers with

eligible renewable electrical generating facilities, albeit only those customers with eligible facilities located on the customer's own premises. The Commission argues that a comparison of the provisions of Rider POGNM to Edison's tariff and the provisions of CUB/EDF's proposed Rider POGVNM supports its conclusion that the proposed rider constitutes a new service. As the Commission points out, proposed Rider POGVNM provides for an enlarged group of customers to whom Edison would be obligated to offer net metering, including customers other than "eligible customers" as defined by statute. The "eligible customers" that Edison is required to offer net metering service to does not include customers that contribute to the operation of an eligible renewable electrical generating facility located on premises other than their own. The proposed rider would permit the sharing of net metering credits with a group of subscribing customers whose premises are connected within five miles of an eligible generating facility; a credit sharing that is not permitted under Edison's current tariff. Further, Edison's current tariff requires Edison to provide net metering to "eligible customers" until the load of net metering customers equals 5% of Edison's total peak demand during the previous year. Under proposed Rider POGVNM the electric capacity produced by an eligible community-owned solar facility would be counted in determining whether the load of net metering customers reached 5% of Edison's total peak demand during the previous year, and as a consequence, "eligible customers" otherwise entitled to the service under the current tariff could be denied net metering.

¶ 16    Whether the net metering service contemplated under proposed Rider POGVNM is sufficiently different from the net metering service presently offered by Edison under Rider POGNM so as to constitute a "new service" is a conclusion reached by a comparison of the two. We believe that the issue is one of fact. Therefore, the Commission's finding that the net metering service contemplated pursuant to the provisions of CUB/EDF's proposed Rider

POGVNM is a new service must be considered as *prima facie* true (220 ILCS 5/10-201(d) (West 2014)) and could only be disturbed on review if it is not supported by "substantial evidence" (220 ILCS 5/10-201(e)(iv)(A) (West 2014)).

¶ 17    It is not within our province to reweigh the evidence or substitute our judgement for that of the Commission. *Village of Montgomery v. Illinois Commerce Comm'n*, 249 Ill. App. 3d 484, 493 (1993). Based upon the record before us and our comparison of the net metering service offered by Edison pursuant to Rider POGNM and the net metering service contemplated by proposed Rider POGVNM, we are unable to find that the Commission's finding that the net metering services contemplated by the proposed rider is a new service is not supported by substantial evidence as an opposite conclusion is not clearly evident. *Continental Mobile Telephone Co. v. Illinois Commerce Comm'n*, 269 Ill. App. 3d 161, 171 (1994). Further, if, as the Commission has found, the net metering service contemplated pursuant to proposed Rider POGVNM constitutes a new service, it follows that it is not a tariffed service offered as a distinct and identifiable service on the effective date of the Electric Service Customer Choice and Rate Relief Law of 1997.

¶ 18    Based upon the foregoing analysis, we find that the net metering service outlined in CUB/EDF's proposed Rider POGVNM is not a tariffed service required by section 16-103 of the Act. Consequently, the Commission was prohibited pursuant to section 16-103(e) from requiring Edison to offer the net metering service contemplated by proposed Rider POGVNM or approving a pilot program that would require Edison to offer that service. Our holding in this regard is dispositive of this review, and we, therefore, need not address CUB/EFD's other assignments of error.

¶ 19    For the reasons stated, we affirm the Commission's decision of July 28, 2015, granting Edison's motion to dismiss, and the Commission's order of September 11, 2015, denying the application for rehearing.

¶ 20    Affirmed.